### COMMISSIONER OF INTERNAL REVENUE v. PALMER, STACY–MERRILL, Inc.

### No. 9300.

Circuit Court of Appeals, Ninth Circuit.

May 9, 1940.

· Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Berryman Green, and E. H. Horton, Sp. Assts. to Atty. Gen., for petitioner.

Hiram S. Patterson, of Seattle, Wash., for respondent.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

This case involves the right of a corporation to deduct as interest amounts distributed as so-called "dividends" on its preferred stock.

General Fruit Company, a Delaware corporation, was engaged in the business of marketing fresh fruit, vegetables, and other food commodities, and in 1931, wished to buy the businesses of some of its competitors. The competitors wished to sell for cash, but the Fruit Company did not have sufficient cash or credit to consummate the purchases. The competitors finally reached an agreement with the Fruit Company whereby the latter agreed to cause a new Delaware corporation to be organized having 6% $100 par preferred stock and no par common stock, and the competitors agreed to transfer their properties to the new corporation in return for preferred stock of the new corporation. There were three competitors involved and a separate contract was entered into with each. ·

Each contract contained substantially the following provision:

"The provisions of the articles of incorporation of the new corporation shall give the corporation the right to redeem and retire preferred stock * * * The [Fruit Company] agrees to cause the new corporation to enter into an agreement under the terms of which it shall agree to retire and redeem, commencing December 31, 1932, all of the preferred stock issued hereunder in the amount of five per cent thereof per year, so that all of the stock so issued shall be retired in twenty equal annual installments. The [Fruit Company] hereby guarantees that the said preferred stock shall be so retired within said period and guarantees the performance by the corporation of its agreement to so retire said preferred stock within said period * * *

"It is understood and agreed that dividends on the preferred stock to be issued hereunder shall be paid quarterly, beginning on March 31, 1932, and quarterly thereafter."

Two of the three contracts provided that the Fruit Company also guaranteed payments of the dividends.

Pursuant to these contracts, the Fruit Company caused the organization of respondent. Charter provisions made the pre-

ferred stock dividends payable quarterly, beginning March 31, 1932, out of the corporation's earnings and surplus, and gave the corporation's board of directors authority to prescribe the time, manner, and amount in which the preferred stock might be redeemed. Respondent thereafter formally ratified and adopted the contracts made by the Fruit Company, and authorized issuance of the preferred stock to the competitors. The certificates representing the preferred stock were in the usual form of a stock certificate. A guaranty of payment of dividends and redemption value by the Fruit Company was stamped on the certificates.

In 1933, respondent transferred all its assets to subsidiary corporations receiving therefor 6% serial promissory notes equal to its outstanding preferred stock. Since then, respondent has conducted no business except collections on such notes, and the payment of dividends and redemption of stock. For the year 1934, respondent collected $33,570 in interest on the notes. It used the entire amount in discharge of dividends on the preferred stock. In its income tax return for the year 1934, respondent deducted the entire amount received as interest. Petitioner rejected the deduction, and the Board upheld respondent. While the Board did not expressly find that the parties did not intend that the certificates evidenced stock, and did not expressly find that the parties intended the certificates to be certificates of indebtedness, there can be no question but what it so intended by its subsidiary findings. Petitioner seeks review of the decision made by the Board allowing the deduction.

Section 23(b) of the Revenue Act of 1934, 26 U.S.C.A.Int.Rev.Code, § 23(b), provides:

"In computing net income there shall be allowed as deductions * * *

"(b) All interest paid or accrued within the taxable year on indebtedness * * *."

Article 23(b)–1 of Treasury Regulations 86, promulgated under the Revenue Act of 1934, provides in part: "* * * So-called interest on preferred stock, which is in reality a dividend thereon, cannot be deducted in computing net income * * *"

Petitioner contends that the payments to the competitors were "dividends" on stock. We take a different view.

A similar situation was involved in Commissioner of Internal Revenue v. Proctor Shop, 9 Cir., 82 F.2d 792. In that case, the new corporation (corresponding to respondent) was also obligated to pay "dividends" and to "redeem" the preferred stock. The only difference between that case and this, is that there the obligation arose from the articles of incorporation, whereas in the instant case, the obligation arose from the assumption by respondent of the duties of the Fruit Company under the contracts with the competitors. The controlling feature is the existence of the obligation, not its source. Respondent was as much "obligated" in the instant case as the new corporation in Commissioner of Internal Revenue v. Proctor Shop, supra. On the authority of that case, the decision of the Board is

Affirmed.

HEALY, Circuit Judge (concurring).

I concur in the affirmance since this court is committed, by Commissioner of Internal Revenue v. Proctor Shop, 9 Cir., 82 F.2d 792, to the view that in this type of case "the real intention of the parties is to be sought and in order to establish it evidence aliunde the contract is admissible."