## COMMISSIONER OF INTERNAL REVENUE v. J. N. BRAY CO.

### No. 9963.

Circuit Court of Appeals, Fifth Circuit.

March 13, 1942.

Edward H. Hammond, J. Louis Monarch, and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Claude R. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Dean Boggs, of Jacksonville, Fla., and J. B. Copeland and O. H. Dukes, both of Valdosta, Ga., for respondent.

Before FOSTER, SIBLEY, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

The petition for review involves income tax for the year 1937. The facts are not in dispute, and are briefly these: The taxpayer, J. N. Bray Company, is a Georgia corporation. The stock of the company originally consisted of shares of $100.00 par value common capital stock. In March, 1937, the stockholders met and voted to change the capital structure of the corporation. At this meeting the president of the corporation discussed proposed amendments to the corporation's charter, and stated that the amendments should provide that the contemplated stock "bear interest at not exceeding the lawful rate". A resolution consistent with this plan was adopted, and the State Court allowed amendment of the charter. The stockholders accepted the amendment, voted to change the capital stock, and an exchange was effected on the basis of one share of common stock of no par value and two shares of $100.00 par value "Debenture Preferred Stock", for every three shares of the corporation's original par value capital stock.

The "Debenture Preferred Stock" certificates provided that "The holder * * * shall be entitled to cumulative interest without directors' declaration at the rate of eight per cent per annum, payable semiannually on April 1st and October 1st of each year." It was further provided that interest on the certificates was to be paid before payment of dividends on preferred

or common stock; that the certificates were to become due and payable at par on April 1, 1957; that if the company failed to pay the certificates "on or before one year after maturity, the holder thereof has the right to institute an action for the payment thereof"; and that "In case four consecutive semi-annual interest payments have been defaulted by the Company, the Company shall be deemed to be in default and the holder thereof is entitled to declare the principal amount due and institute an action against the company for the face value and accumulated interest thereon."

The corporation made the agreed payments to certificate holders in 1937, and the sole question presented by the petition is whether the Board of Tax Appeals erred in holding that such payments were payments of interest and deductible from gross income under the provisions of Section 23 (b) of the Revenue Act of 1936, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Code § 23(b). Also see § 23(b), of Treasury Regulations 94, Revenue Act of 1936.

The Commissioner contends that the form of the certificates, and other evidence, indicates an intention to create a stock or proprietary interest instead of an indebtedness, and that, therefore, the payments to certificate holders were not deductible as payments of interest.

There have been numerous cases dealing with deductibility of similar items under Section 23(b), and these cases have been decided upon their own particular facts—some allowing and others denying the deduction. See United States v. South Georgia Ry. Co., 5 Cir., 107 F.2d 3; Brown-Rodgers-Dixson Co. v. Commissioner, 4 Cir., 122 F.2d 347; Commissioner v. Schmoll Fils Associated, 2 Cir., 110 F.2d 611; Commissioner v. Palmer, Stacy-Merrill, Inc., 9 Cir., 111 F.2d 809; Dayton & Michigan R. Co. v. Commissioner, 4 Cir., 112 F.2d 627; Kentucky River Coal Corporation v. Lucas, D.C., 51 F.2d 586, affirmed 6 Cir., 63 F.2d 1007; Commissioner v. Proctor Shop, Inc., 9 Cir., 82 F.2d 792; Commissioner v. O. P. P. Holding Co., 2 Cir., 76 F.2d 11; Helvering v. Richmond F. & P. R. Co., 4 Cir., 90 F.2d 971.

 Cases involving deductions under Section 23(b) are to be decided upon their own facts. As pointed out by this court in United States v. South Georgia Ry. Co., supra [107 F.2d 6], the question for decision in cases of this kind is "not what the payments are called, but what in fact, they are"; and that if the evidence taken as a whole shows a relation of debtor and creditor, "the payments made on account of that relation, will be interest, no matter how called, while if taken as a whole, the evidence shows a stockholding relation, the payments made will be dividends, equally no matter how called."

In denying the deduction claimed in the South Georgia case the court pointed out that the certificates referred to the payments as dividends, and that no provision was made for maturity of the principal sum of the certificates, "nor for the collection by suit as a debt of semi-annual payments." These lacking elements are supplied in the present case, for as stated above the payments are consistently referred to as interest, the certificates have a definite maturity date, and there is provision for suit to enforce payment of principal and accumulated interest in the event of a default. The terms of the certificates and all the facts and circumstances surrounding their issue sustain the Board's finding that the payments made to certificate holders were payments of interest within the meaning of Section 23(b) and deductible as such.

The petition is denied and the decision of the Board of Tax Appeals is affirmed.