**ESTATE PLANNING CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.**

No. 130.

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1939.

Louis Goldring and Albert Hubschman, both of New York City (Carl Sherman, of New York City, of counsel), for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Oliver W. Hammonds, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The Commissioner determined a deficiency of $2,356.13 in petitioner's income tax for the year 1932 and $3,998.61 in its income tax and excess profits tax for the year 1933. This was due to a disallowance of a deduction from gross income of $24,000 paid by petitioner during each of these years as interest on the $600,000 issue of its 4% debenture bonds.

Section 23(b) of the Revenue Act of 1932, 47 Stat. 179, 26 U.S.C.A. § 23, provides for deductions from gross income of all interest paid or accrued within the taxable year on indebtedness.

Petitioner, a New York corporation, with an authorized capitalization of 100 shares of no par value, purchased on December 20, 1928, the business of one Davidson which he had carried on for some years. It is a financial and estate planning advisory and life insurance brokerage business. The corporation had been organized to take over this business. After a proposal of transfer by letter was approved by the Board of Directors, as recorded in the corporate minutes, the business, which Davidson carried on, was formally transferred and accepted and in payment thereof, the corporation issued $600,000 of its debenture bonds to Davidson and appropriate instruments of transfer were executed and delivered. These bonds were in denominations of $10,000 each and were due September 1, 1948. The bonds were made subordinate to the rights of petitioner's creditors.

In its income tax return for 1932–1933 it described its business as that of "planning investments and distribution of estates" and set forth a valuation including $575,564.86 as good will. Davidson was its General Manager but received no salary during the taxable years, nor was there deduction as compensation for officers. Davidson retained the bonds personally for less than a year and then transferred them to a trust for the benefit of members of his family; he was named trustee. In the year 1932 and again in 1933, $24,000 interest was paid as provided for in the bonds to the trustee, who in turn paid it over to the beneficiaries of the trust as income, and the beneficiaries paid income tax thereon.

The Board of Tax Appeals limited the proof of the consideration for the sale to the writings, the evidence of the transfer of the business, and the issuance of the bonds. The Board determined that there was no consideration for the issuance of the bonds and therefore there was no evidence of an indebtedness owed by the petitioner. There is no claim that the bonds were issued fraudulently and from all that appears they were the taxpayer's obligations. The holders thereof were entitled to enforce payment of interest and principal as against the petitioner.

Section 69 of the Stock Corporation Law of New York, Consol. Laws, c. 59 (L. 1890, c. 564, as amended) provides that "No corporation shall issue either shares of stock or bonds, except for money, labor done, or property actually received for the use and lawful purposes of such corporation * * * and in the absence of fraud in the transaction the judgment of the directors as to the value of the property purchased shall be conclusive; * * *". Therefore, the directors of the petitioner, in the absence of fraud, were to determine the valuation of the property purchased under the Stock Corporation Law of New York. The legislature of the State had the authority and responsibility of lodging such determination in the directors. Memphis & Little Rock R. R. v. Dow, 120 U.S. 287, 7 S.Ct. 482, 30 L.Ed. 595; In re Paul Delaney Co., D.C., 23 F.2d 737; Westinghouse Elec. & Mfg. Co. v. Brooklyn R. T. Co., D.C., 288 F. 221, 232. The consideration which the Board received for its bonds was the value of the good will of the business sold which was appraised as the capitalization of the seller's earnings. This was a sufficient consideration. Com'r of Internal Revenue v. O. P. P. Holding Corp., 2 Cir., 76 F.2d 11. It is not questioned but that during the taxable years the corporation, as such, received income from its business and did pay interest on the bonds. In so doing, it made

use of the good will of the business built up by Davidson. It is settled that interest paid on an indebtedness of bonds is a deductible item. Old Colony R. R. v. Com'r, 284 U.S. 552, 560, 52 S.Ct. 211, 76 L.Ed. 484. Indeed, the Commissioner determined as a fact that the bonds were issued against good will which was based upon the estimated earning power of Davidson.

There was no such total lack of consideration as to permit a finding that there was no consideration for the bonds and therefore no indebtedness owed by the corporation. Lucas v. Ox Fibre Brush Co., 281 U.S. 115, 118, 119, 50 S.Ct. 273, 74 L.Ed. 733. In the absence of fraud or bad faith in the issuance of these bonds and the payment of interest thereon, it was error to hold there was no valid consideration paid therefor and that no indebtedness existed between the trustee and the corporation. The interest paid was deductible in both years here considered.

Determinations reversed.