## COMMISSIONER OF INTERNAL REVENUE v. SCHMOLL FILS ASSOCIATED, Inc.
### No. 214.

Circuit Court of Appeals, Second Circuit.
March 18, 1940.

---

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Berryman Green, Sp. Assts. to Atty. Gen., for petitioner Commissioner of Internal Revenue.

George A. Spiegelberg, for respondent Schmoll Fils Associated, Inc.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The Commissioner of Internal Revenue assessed income tax deficiencies against the taxpayer Schmoll Fils Associated, Inc. in the amount of $2,212.35 for the year 1932, of which $1,790.25 was in controversy before the Board of Tax Appeals; $1,079.30 for the year 1933, of which $988.56 was in controversy, and $834.07 for the year 1934, of which the entire amount was in controversy. The Board of Tax Appeals determined income tax deficiencies against the taxpayer of $422.10 and $90.75 for the years 1932 and 1933 respectively and an income tax overpayment of $723.72 for the year 1934. This determination was made by allowing the taxpayer to deduct payments upon its non-maturing debentures upon the ground that such payments were "interest paid or accrued within the taxable year on indebtedness" within the meaning of Sections 23(b) of the Revenue Acts of 1932 and 1934, 26 U.S.C.A. Int.Rev.Acts. Four members of the Board dissented from the ruling of the majority.

The question before this court is whether, in computing the income taxes of Schmoll Fils Associated, Inc., the payments made by it on its non-maturing debentures were allowable deductions as interest, or were dividends and, therefore, not deductible. Payments of $13,020 were made to debenture holders in the year 1932, of $12,449.50 in the year 1933, and of $11,329.50 in the year 1934. In our opinion, the payments were in substance dividends rather than interest and consequently should not have been allowed by the Board as deductions in computing taxable net income.

The persons owning the debentures formerly held cumulative 7% preferred stock. Under a plan of refinancing, the company purchased the preferred stock and out of the proceeds the preferred stockholders agreed to purchase 7% debentures at par to the extent of their holdings. Under this plan the preferred stock would be surrendered and extinguished and the former preferred stockholders would receive 7% debentures having no maturity date. The interest upon the debentures would be payable exclusively from the profits of the company, on the 15th days of January and July of each year, until the principal should be paid or the debentures should be

called for redemption, and was to be cumulative. The common stock of the company was not to be entitled to any dividends until a two years surplus had been accumulated sufficient to pay the debenture interest. The debentures were to be redeemable at 105 upon notice and at the option of the taxpayer. The principal was not to become due except at the option of the company, unless in case of bankruptcy, dissolution or any other liquidation, whether voluntary or involuntary, in any of which events the principal and interest accrued and unpaid were to become immediately due, "it being understood, however, that the indebtedness represented by these debentures shall continue to be subordinated to any and all amounts owing to any bank or banker and that the holders shall not be entitled to receive any dividends or other payments thereof until the full amount of principal and interest owing to the company's banks or bankers shall have been fully paid."

In making income tax returns for the years 1932, 1933 and 1934 the taxpayer deducted each year the interest accrued on the debentures. The right to do this is claimed under Section 23(b) of the Revenue Act of 1932 and 1934 which allowed as deductions in computing net income: "All interest paid or accrued within the taxable year on indebtedness * * *".

Not only is there no provision of law allowing deduction of dividends in computing net income, but Article 141, Treasury Regulations 77 of 1932, a similar article of Treasury Regulations 74 of 1928 and Article 23(b)-1 of Treasury Regulations 86 of 1934 preclude such deductions. The Articles read as follows: "*Interest* * * * socalled interest on preferred stock which is in reality a dividend thereon, cannot be deducted in computing net income * * *."

█ It is true that the securities here were styled debentures and thus on their face indicated that they represented an indebtedness. But the name is not conclusive of the nature of the securities. Jewel Tea Co. v. United States, 2 Cir., 90 F.2d 451, 452, 112 A.L.R. 182. While the debenture holders have no vote at meetings of the company, preferred stockholders sometimes have no such right. The debentures closely resemble cumulative preferred stock in having no maturity date, in being payable exclusively from profits in respect to "socalled interest" (Treasury Regulations Article 141, supra) and in being sub-

ordinate to bank creditors in the payment of principal, even where there is a liquidation of the company. In short the debenture-holders do not possess the ordinary right of creditors to obtain unconditional payment of their claims at some time. The position of the debenture holders is that of investors rather than creditors. Almost the only difference between the debenture holders and holders of cumulative preferred stock is that the former may require payment of their interest out of any net earning of the company, whereas preferred stockholders are able to compel payment of a dividend only in case the directors arbitrarily refuse to declare it.

The authorities afford us no very certain guide in solving the difficult problem before us, but vary with the particular facts of each case. The fact that payment of interest may only be required out of profits and that payment of principal may not be required, except in the remote and contingent event of a liquidation of the company, has been held to remove obligations from the class of debts. Jewel Tea Co. v. United States, 2 Cir., 90 F.2d 451, 112 A.L.R. 182.

In Commissioner v. O. P. P. Holding Corp., 2 Cir., 76 F.2d 11, we held securities to be bonds, and not stock, where payment of interest might be suspended, though not beyond the time for redemption of the principal which was to be paid at a fixed date, though in many respects they had the attributes of stock. In Kentucky River Coal Corporation v. Lucas, D.C., 51 F.2d 586, affirmed 6 Cir., 63 F.2d 1007, certain securities described as "debenture stock" were held to be essentially stock rather than bonds and the socalled 6% dividends thereon were held to be not deductible as interest for income tax purposes. This was held in spite of a covenant contained in the certificates to redeem them at the expiration of ten years. Cf. Fidelity Savings & Loan Ass'n v. Burnet, 62 App.D.C. 131, 65 F.2d 477.

The taxpayer calls our attention to Commissioner v. National Grange Mut. L. Co., 1 Cir., 80 F.2d 316, where the First Circuit allowed deduction of interest paid to the holders of socalled "guaranty units" and the facts in many respects resembled those here. But the absence of a maturity date in the "guaranty units" was due to the necessary requirements of the mutual insurance business in which the taxpayer was engaged. Moreover, the opinion did not

refer to our earlier opinion in Commissioner v. O. P. P. Holding Corp., 2 Cir., 76 F.2d 11, in which we laid stress upon a maturity date in a corporate obligation as proof that the document before the court evidenced an indebtedness due to creditors' rather than a stockholders' interest.

It is not necessary to hold that the absence of a maturity date if taken alone would prevent a document from representing an "indebtedness" as that word is used in Section 23(b) of the Revenue Acts of 1932 and 1934 or would invariably preclude the return from investments evidenced by the debentures from being treated as "interest". But here the absence of a maturity date, the obligation to pay income from net earnings and the subordination of the debentures to the rights of bank creditors render the payments more like dividends than interest and the securities like preferred stock rather than bonds.

If, as we hold, the debentures were in effect stock, the payments to the holders were not proper deductions as interest under Section 23(b) or proper deductions as "ordinary and necessary expenses" of business under Section 23(a). The payments were not a charge upon the business but only of the nature of dividends. In re Fechheimer Fishel Co., 2 Cir., 212 F. 357.

Orders reversed and proceedings remanded with directions to the Board to recompute the tax in accordance with the views set forth in this opinion.