GILBERT H. MOORE,

*vs.*

THE AMERICAN FINANCE AND SECURITIES COMPANY, a dissolved corporation of the State of Delaware.

*New Castle, April 26, 1950.*

*Howard L. Williams,* of the office of Hering, Morris, James & Hitchens, for certain certificate holders.

*Herbert B. Warburton,* receiver, *pro se.*

SEITZ, Vice Chancellor: There is but one issue presented in the receiver's request for instructions, viz., whether the so-called Certificates of Contingent Obligation created a creditor-debtor or stockholder relationship.

The dissolved corporation in about 1917 issued instruments captioned "Certificate of Contingent Obligation." These certificates were given to the bondholders of a prior bankrupt whose assets were purchased and thereafter assigned to the receivership corporation. The bondholders assigned their claims, based upon such bonds, to the defendant company and also subscribed to certain notes. The consideration for the assignment of the bondholders' claims to the company was the issuance of the aforementioned Certificates of Contingent Obligation to the bondholders of the old com-

pany. They were given in the face amount of the bonds for which they were exchanged. The certificates also provided for interest from the date of default in interest payments on the bonds.

I shall proceed on the premise that there is no one absolute test for determining the legal effect of the Certificates of Contingent Obligation. See 11 *Fletcher, Cycl. of Corps., (Perm. Ed.)* § 5294.

Counsel for the holders of Certificates of Contingent Obligation who have filed claims contends that the various pertinent factors demonstrate that a creditor-debtor relationship was created. He states that the use of the word "obligation" is evidence of such a relationship. He urges that the same is true of the promise to pay principal and interest, the lack of any voice in the management of the company, the absence of the right to share profits, the priority upon dissolution, and the evidence of the surrounding circumstances. The receiver urges that the holders should be treated as stockholders. The difference is here important because there is insufficient money to pay the certificate holders in full. Consequently, counsel for those certificate holders who have filed claims desires to cut off the rights of non-filing certificate holders in order to enlarge the amount available for those who have filed claims. This cannot be done under our practice if the certificate holders are in the nature of stockholders.

Some of the factors mentioned, such as the use of the word "obligation" and the payment of interest, are indicative of an intention to create a creditor-debtor relationship. The other factors relied upon are, it seems to me, almost equally consistent with an intent to create some form of stock ownership. The evidence of the surrounding circumstances is ambiguous because the proof that the receivership company was created solely to liquidate the assets is somewhat inconsistent with the creation and issuance of substantial amounts of stock.

One fact appears to suggest that this is not truly a creditor-debtor relationship. I refer to the fact that the Certificates of Contingent Obligation are without a definite maturity date. In the case of *Washmont Corp. v. Hendricksen,* (9 *Cir.*) 137 *F. 2d* 306, 308, the court said:

"The final criterion of distinction between the creditor and the stockholder is the certainty of payment before insolvency or liquidation."

See also *Commissioner v. O. P. P. Holding Corp.,* (2 *Cir.*) 76 *F. 2d* 11.

There is clearly no such certainty here because the certificates provide that interest and principal are only to be paid when and if the profits of the company warrant such payments. Thus, one of the vital characteristics of a creditor-debtor relationship is missing.

Under the provisions of each certificate, the certificate holder "in the event of liquidation, dissolution or insolvency" is entitled, subject to certain prior charges, to have the assets applied to these certificates "share and share alike." I believe this language is a strong indication that in this case — the company being in dissolution — the emphasis is on equality of treatment. Equality here demands that all certificates be recognized even though no claim has yet been filed for some of them.

A third important consideration impels me to conclude that for present purposes the holders of certificates should not be treated as creditors. I refer to the fact that these holders secured these certificates in return for their interests in the bankrupt corporation. The certificate holders were in the same relative position in the old corporation and while they were then bondholders, I believe they traded that status for an equivocal one. Such equivocation should be resolved in favor of perpetuating the rights of all such holders rather than cutting them off—no outside interest being involved.

While not dispositive, my conclusion receives support from the fact that the certificates are inferior to the claims of bondholders, and the company's general credit is not pledged, prior to dissolution, to secure the payment of the principal and interest which may become due on these certificates.

It may be suggested that the holders of these certificates are not stockholders because there is no provision in the company's certificate of incorporation for the creation of such certificates. While this is true, I do not believe a rigid "either-or" approach to the determination of the rights of these certificate holders *inter sese* is sound or equitable.

I conclude that the holders of these certificates should be here treated as though they were stockholders. Consequently, the receiver should, in fixing distribution rights, recognize all outstanding certificates. The sums allocable to those who have not filed claims will be deposited to their credit in the usual manner.

An order accordingly will be entered on notice..