BEAVER PIPE TOOLS, INC.,
Plaintiff,

v.

Thomas CAREY, Defendant.

BEAVER PIPE TOOLS, INC.,
Plaintiff,

v.

Thomas CAREY, Defendant.

Civ. Nos. 28085, 29404.

United States District Court
N. D. Ohio, E. D.

Dec. 29, 1955.

H. H. Hoppe, Hoppe, Day & Ford, Warren, Ohio, for plaintiff.

Sumner Canary, U. S. Atty., Cleveland, Ohio, Harlan Pomeroy, Department of Justice, Washington, D. C., for defendant.

JONES, Chief Judge.

These suits are to recover excess profit taxes claimed to have been assessed and collected erroneously. They were commenced following the Commissioner's rejection of refunds applied for covering certain taxable years.

Hearing was had in open court upon the pleadings, statements of counsel, stipulations of the parties, limited oral testimony, and the matters were submitted upon briefs.

The facts are not in substantial or controlling dispute and since the parties are familiar with them, no extensive recitation is thought necessary here.

By voluntary action the owners of the plaintiff's 8% preferred stock exchanged their shares for an equal number of 8% "Preferred Debentures". The purpose of the exchange is conceded to have been the transfer of a stock liability into a corporate debt thus to obtain a deduction of interest paid thereon from gross income and a consequent income tax saving. The Commissioner disallowed the deductions upon that basis and assessed deficiencies which were paid. As stated above, these suits are, in effect, for reversal of the Commissioner's action and for recovery of over assessment.

The Government denies the validity of the claim for refund and asserts that the preferred debentures issued in exchange for the preferred stock were different in name only and could not be considered evidence of "indebtedness" under Section 23(b) of the Internal Revenue Code of 1939, 26 U.S.C. § 23(b), 26 U.S.C. 163 (a), I.R.C.1954.

The sole question presented, then, is whether the preferred debentures issued by taxpayer created an "indebtedness" within the meaning of 26 U.S.C. § 23(b).

It is established that one of the essential features of an instrument

of debt, within the meaning of 26 U.S.C. § 23(b), is a fixed maturity date at which time the principal is to be paid unconditionally to the holder. C. I. R. v. H. P. Hood & Sons, 1 Cir., 141 F.2d 467; Preston v. C. I. R., 2 Cir., 132 F.2d 763, Brown-Rogers-Dixson Co. v. C. I. R., 4 Cir., 122 F.2d 347. In this case the maturity date of the preferred debentures is "upon liquidation of the company". This is hardly a "fixed date" within the scope of commercial realities. It is not the certain time required by 26 U.S.C. § 23(b) and the regulation (29.504–2) promulgated thereunder.

While this fact alone would seem sufficient to defeat taxpayer's claim, it should also be noted that the preferred debenture holders are, upon liquidation of the company, to be junior to general creditors. Such an arrangement bespeaks the element of risk characteristic of stock. It does not indicate an intent to create a debtor-creditor relationship, but an intent that the status of the preferred debenture holder should remain unchanged from that of the preferred shareholder. Such an arrangement is not compatible with the creation of debt. Jordan Co. v. Allen, D.C., 85 F.Supp. 437.

While it is true that the intention of a taxpayer is to be taken into consideration in determining whether a security is a stock interest or an indebtedness, nevertheless, the distinguishing features or requirements provided by the law and regulations must be present where deductions or exemptions from taxation are to be recognized.

I think neither the fact that the Commissioner took no adverse action in respect of the common debentures, nor that capital gains were recognized in the exchange by the individual stockholders, furnish support for the claim that a debt thereby was created within the contemplation of the pertinent law and regulations.

Thus, it appears that the taxpayer in its understandable desire to reduce its income tax and its reluctance to change the status of its preferred shareholders failed to comply with established prerequisites in creating an instrument of debt. To paraphrase a familiar line "preferred stock by any other name is still a preferred obligation"—and not a debt.

Accordingly the plaintiff's claims must be denied and its complaints dismissed. Judgment may be so entered.

The pleadings, stipulations and this memorandum will be considered compliance with Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.