POCATELLO COCA-COLA BOTTLING COMPANY, Inc., a corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

Nos. 1859, 1860.

United States District Court
D. Idaho, E. D.
March 29, 1956.

Milton E. Zener, Ben Peterson, Pocatello, Idaho, for plaintiff.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, George T. Rita, Attorneys, Department of Justice, Washington, D. C., Sherman F. Furey, Jr., U. S. Atty., Boise, Idaho, for defendant.

CLARK, Chief Judge.

The above cases were consolidated with E–1878 and E–1879, entitled Chaffee v. United States of America, 139 F. Supp. 916, for trial. The facts as set forth in this Memorandum apply to all four of these cases.

The stipulation on file herein and the testimony of the witness George H. Chaffee discloses the facts to be substantially as follows:

The business out of which Pocatello Coca-Cola Bottling Company came into existence was founded by George E. Chaffee and Annie S. Chaffee in 1914 and consisted of bottling and selling soft drinks and Coca-Cola products. The Chaffee family was composed of the father, George E. Chaffee; mother, Annie S. Chaffee; the eldest son, George H. Chaffee, presently President and General Manager of the Corporation; son, Ray E. Chaffee, an employee; and daughters, Irene Dahlstrom, Secretary and office manager; Florence Stewart and Pauline Conyers. The husbands of Irene and Florence are both employees of the company. The employments have been continuous during the period of the partnership and since the corporation was organized.

In 1944 a partnership was created between George E. and Annie S. Chaffee and all of their children with the exception of Pauline, each of the said children at that time having a 9/40 interest therein. This arrangement continued until 1947 when the partnership interests of the children were increased so that they held a 44% interest in the partnership; George H. having 14%; Irene, Ray and Florence each 10%. All of the accumulated assets of the business constituted the capital of the new partnership, with the exception of the parties' private residences, and included certain income producing real estate that was not a part of the operating properties of the business itself.

The plaintiff corporation was formed in July of 1948 and the assets of the partnership, with the exception of that certain income producing real estate, having a book value of $8,272.69, which was retained by George E. and Annie

S. Chaffee, were transferred to the corporation in September, 1948, under an offer to exchange these assets for the capital stock of the corporation, and so-called installment notes, payable to the partners. The book value of the total assets transferred was $254,138.88.

This transaction was treated by the corporation as being a taxable transfer and not within the exemption provided under Section 112(b) (5), Internal Revenue Code, 26 U.S.C.A. The corporation's common stock was subscribed as follows:

| | | |
|---|---|---|
| George E. Chaffee and Annie S. Chaffee | 56 shares | $5600.00 |
| George H. Chaffee | 14 shares | 1400.00 |
| Ray E. Chaffee | 10 shares | 1000.00 |
| Irene Dahlstrom | 10 shares | 1000.00 |
| Florence Stewart | 10 shares | 1000.00 |
| Total | 100 shares | $10,000.00 |

and so-called installment notes were issued to George E. Chaffee and Annie S. Chaffee in the amount of $129,177.76; to George H. Chaffee for $35,341.03; to Ray E. Chaffee for $26,021.92; to Irene Dahlstrom for $26,775.57; and to Florence Stewart for $26,121.60, for a total of $244,138.88. The notes to George E. and Annie S. Chaffee provided payments to be made in installments, with interest on the notes to the parents at 6% and to the children at 2% per annum, interest due and payable quarterly after date. The principal was to be paid on the parents' note $1,000 or more annually for twenty years at which time the balance was to become due and payable. On each of the children's notes the principal was payable $100 annually for thirty years when the balance was to become due and payable.

The so-called notes then provide:

"This note is given and accepted with the specific provision and agreement that the same shall be subordinated to the claims and demands of all common and secured creditors of the maker, presently existing or hereafter existing, against the maker, and the payee shall be entitled to demand and receive payments due hereunder only in the event that the maker at the time the same become due and payable is solvent, and that all obligations of the maker are fully paid in accordance with the terms of such obligations; and this note is expressly made and declared to be non-negotiable, and in the event of the liquidation of the maker hereof shall be paid only after all other claims and demands due and owing by the maker, other than notes of even date herewith made, executed and delivered. * * *

"If default be made in any payment due on this note on either principal or interest, the legal holder may declare the entire principal and interest accrued at once due and payable."

Payments were made on the principal of the so-called notes to George E. Chaffee and Annie S. Chaffee of $1,759.10 in 1948; $7,549.04 in 1949; and $4,599.66 in 1950 and payments of $100 to each of the children for each of these years were made on the "notes" held by them. Salaries were drawn by the employees of the partnership and the corporation, who were either partnership members and stockholders in the corporation or the husband of a partner and a stockholder, which salaries were not excessive but appear to be in line with good business practices.

In 1949 and 1950 Pocatello Coca-Cola Bottling Co., Inc., deducted interest paid on the notes in determining the net taxable income of the corporation, which said deduction of interest was disallowed by the defendant and resulted in deficiency assessments being levied against the Company and treated the interest paid as dividends. The deficiency assessments were paid by Pocatello Coca-Cola Bottling Co., Inc., and thereafter claims

of refund were duly filed by the Company, considered and denied by the defendant. These claims for refund were in the amounts of $5,745.26 for the year 1949 and $2,164.02 for the year 1950.

In 1949 and 1950 the plaintiff Annie S. Chaffee and her husband, George E. Chaffee, now deceased, filed income tax returns and made payment reporting the principal payments received on notes due them as a capital gain to the extent of said payments. Upon payment of the tax based thereon, the defendant levied a deficiency assessment for these years, disallowing the principal payments received on said notes as payments representing a return of capital and holding said payments to be dividends; that thereafter plaintiff paid said deficiency assessments and filed a claim for refund in the amount of $1,204.42 for 1949 and $737.44 for 1950, which claim was disallowed by the defendant.

The plaintiff, Annie S. Chaffee, was the sole beneficiary of the will of George E. Chaffee and is the legal owner of all property belonging to George E. Chaffee.

The question to be determined by the Court is whether the instruments issued by the Pocatello Coca-Cola Bottling Company were actually promissory notes or preferred stock, and whether the transfer of partnership assets to the bottling company in exchange for the so-called notes and stock in the corporation was a sale of the assets or a tax-free exchange.

Section 112(b) (5) of the Internal Revenue Code provides that no gain or loss shall be recognized if property is transferred to a corporation by two or more persons in exchange for stock or securities in such corporation, and immediately after the exchange such persons are in control of the corporation, provided that the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

The evidence shows that the stock and notes which each partner received in the corporation was substantially proportionate to the interest which he held in the partnership. The fact that the income-producing property, above referred to, valued at something over $8,000 was retained by the parents and not included in the transfer to the corporation, does not materially change the situation. It is well settled that if a transaction meets the requirements of Section 112(b) (5) it is a tax-free exchange regardless of the intention of the parties to the transaction. Houck v. Hinds, 10 Cir., 215 F.2d 673. It appears to the Court that the provisions of this section have been met, and this was a non-taxable transfer.

One of the fundamental characteristics of a debt, the payment of interest on which may be deducted in computing taxable income, is a definite determinable date on which the principal falls due. Elko Lamoille Power Co. v. Commissioner, 9 Cir., 50 F.2d 595; Commissioner of Internal Revenue v. Proctor Shop, 9 Cir., 82 F.2d 792; Commissioner of Internal Revenue v. Schmoll Fils Associated, 2 Cir., 110 F.2d 611. The word "interest" usually imports an amount which one has contracted to pay for the use of borrowed money. Old Colony R. Co. v. Commissioner, 284 U.S. 552, 560, 52 S.Ct. 211, 76 L.Ed. 484. Payments made wholly at the discretion of the maker have a degree of contingency which the idea of "interest" ordinarily lacks.

While the notes here were said to be due in twenty years and in thirty years, the Court is of the opinion that the facts that the notes were subordinated to the claims and demands of all common and secured creditors of the maker, that the payee should be entitled to receive payment only in the event that the maker was solvent, and that in the event of the maker's liquidation all other claims should be paid prior to these notes,

**916**

makes the due date completely ineffective, and for all intents and purposes there is no maturity date fixed by these notes. This means a lack of the most significant and essential feature of a debtor-creditor relationship.

█ While the absence of a maturity date alone does not determine the questions here involved, that, plus the fact that any payments of either principal or interest were to be paid only out of net earnings, i. e., after other creditors, and the fact that the holders of the notes were all stockholders, rendered the payments more like dividends than interest. The so-called notes are, in effect, preferred stock, although denominated otherwise. There is no enforceable obligation involved which must be met regardless of whether there are earnings or profits. The holders of these notes do not have the ordinary rights of creditors to obtain unconditional payment of their claims at some time.

As pointed out by the defendant in its brief the corporation could not operate without the assets contributed by the partnership. Certainly the economic structure of a corporation capitalized at $10,000 and having notes outstanding of $244,138.88 must be questioned. The only way this corporation could operate was by the generosity of those who desired that it should operate.

This was not a true indebtedness due the holders of the notes but rather represents a capital investment by them. Therefore, the payments made by the corporation, being in the nature of dividends, but called payments of principal and interest by the taxpayers involved were not deductible and there can be no recovery by the plaintiffs in cases number E–1859 and E–1860.

Attorneys for the defendant may prepare Findings of Fact, Conclusions of Law and Judgment, submitting original to the Court and serving a copy on opposing counsel.