**FARLEY REALTY CORPORATION,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 217, Docket 25955.**

United States Court of Appeals
Second Circuit.

Argued March 29, 1960.

Decided June 9, 1960.

Saul Duff Kronovet, New York City (Silverson & Gelberg, Harry Silverson, New York City, of counsel), for petitioner.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Kenneth E. Levin, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before WATERMAN and BARNES,* Circuit Judges, and J. JOSEPH SMITH, District Judge.

WATERMAN, Circuit Judge.

Petitioner seeks judicial review of the Tax Court's holding that the sum of $50,-000 paid to the estate of Bernard Sorsby in settlement of Sorsby's claim against petitioner above and beyond the repayment of principal and the payment of fixed annual interest charges on a loan by Sorsby to petitioner was not "interest" under Section 23(b) of the 1939 Internal Revenue Code. The Tax Court's decision is not officially reported.

The complicated facts of the present case are not generally disputed. In February 1941 Simon Bond and Leo Fromer became interested in the purchase of a building in the county of Queens, New York. On March 3 the owner of the building agreed to sell the property to Bond and Fromer for $380,000.00, the owner to retain a first mortgage for $280,000.00 and Bond and Fromer to supply $100,000 in cash. Bond and Fromer had intended to invest only $30,-000 in the purchase of the building, and because there was no actively functioning second mortgage market at this time, Bond sought to persuade Bernard Sors-

---

* Of the Ninth Circuit, sitting by designation.

by, a personal friend of Fromer, to join in the purchase. Sorsby indicated that he would participate in the venture, but only as a creditor. After several conferences Bond, Fromer and Sorsby reached an oral agreement to the effect that Sorsby, as second mortgagee, would advance $70,000 for ten years and would receive interest thereon at the rate of 15 per cent for the first two years and 13 per cent for the remaining eight years. In addition Sorsby was to receive, in the words of the Tax Court's Findings of Fact, "50 per cent of the appreciation in the value of the property if it appreciated in value." In a written contract, executed on March 18, 1951 and intended to embody the oral agreement previously reached, Sorsby agreed to lend $70,000 to petitioner, a New York corporation organized at this time by Bond and Fromer who owned all its stock. Bond and Fromer gave their personal guarantee that petitioner would repay the loan. In order to effectuate that portion of the oral agreement whereby Sorsby would have a fifty per cent share in the appreciation of the property paragraph six of the 1941 agreement provided that if either petitioner or Sorsby proposed to the other to sell the property to a third person, or proposed to buy out the other, the offeree would be given an option to purchase at the proposed price. Whether or not the offeree's option was exercised, Sorsby was to receive seventy per cent of the first $100,000 of the amount by which the purchase price exceeded the amount outstanding on the first mortgage, and fifty per cent of the balance. Absent any such offer, paragraph eight of the agreement gave Sorsby an additional option, one to refuse payment of the principal at maturity. If he exercised this option, no further interest on the principal would be payable, the per-

sonal guarantee of Bond and Fromer that the principal would be repaid would terminate, and Sorsby would thereafter receive fifty-five per cent of the net income from the property. The following year, on June 30, 1942, a new agreement was entered into which retained the method of evaluating any appreciation in the property by the means of an offer to purchase which the offeree could convert into an offer to sell. Paragraph eight of the 1941 agreement was eliminated.

The real estate venture prospered, and there appears never to have been any default in interest payments. Sorsby died prior to March 20, 1951 when the principal became due. Shortly before the maturity date the administrators of Sorsby's estate sent petitioner an offer to purchase. Petitioner replied, challenging the enforceability of any portion of the agreement that entitled Sorsby to fifty per cent of the property's appreciation. Petitioner tendered to the administrators a check for $70,583.33 (principal and unpaid interest) in full satisfaction of the second mortgage debt. This tender was refused and the administrators commenced an action for money damages in the New York courts. On May 23, 1952 the action was settled for $120,583.33, Sorsby's estate renouncing any further claims against petitioner and its property.

The Commissioner permitted petitioner on its income tax returns to deduct as interest on an indebtedness each of the annual interest payments of fifteen and thirteen per cent on the $70,000 principal. The present case only involves the $50,000 paid to Sorsby's administrators in settlement of Sorsby's asserted right to share in the appreciation of the property.[1]

1. The statement of facts in the text of this opinion has been simplified to avoid additional complications arising from facts having no relevance to the legal issue here presented. In 1941 and 1942 the names of Bond and Sorsby were other than Bond and Sorsby. The formal party to the 1941 agreement was not Sorsby, but Sorsby's wife, who assigned the mortgage to him on November 18, 1941. The interest to be charged in the last eight years of the loan was somewhat more than 13 per cent under both the 1941 and 1942 agreements, the rate being slightly higher under the later agreement.

The Tax Court held that the $50,000 payment was not interest upon an indebtedness but instead was a payment in liquidation of Sorsby's equity in the property.

■ On numerous occasions this court and other Courts of Appeals have been called upon to decide whether payments by a corporation are to be considered as interest on an indebtedness and hence deductible under Section 23(b), or whether these payments are to be considered as corporate dividends and hence not deductible at all. See Mertens, Law of Federal Income Taxation, § 26.10, see also §§ 26.04, 26.06, 26.09. The issue turns upon the relationship between the corporation and its payee, Staked Plains Trust v. C. I. R., 5 Cir., 1944, 143 F.2d 421, 422. A deduction sought under 23 (b) will be denied a corporation if its payee is not regarded by the courts as a creditor but instead is held to be a stockholder, i. e., one having a proprietary interest in the assets of the corporation. A stockholder in this sense has been defined as one embarking upon the corporate venture, " * * * taking the risks of loss attendant upon it, so that he may enjoy the chances of profit." United States v. Title Guarantee & Trust Co., 6 Cir., 1943, 133 F.2d 990, 993; see also Warren v. King, 1883, 108 U.S. 389, 399, 2 S.Ct. 789, 27 L.Ed. 769; Dayton & Michigan R. Co. v. C. I. R., 4 Cir., 1940, 112 F.2d 627.

■ In the present case Sorsby initially appears to have demanded an interest rate considerably higher than the rates of 15 and 13 per cent finally agreed upon. Instead, Bond and Fromer offered and Sorsby accepted lower rates of interest, but, as additional compensation, Sorsby obtained the less certain but potentially more lucrative right to share in the fortunes of the real estate venture for which petitioner was incorporated. If the venture prospered a large share of that prosperity would accrue to Sorsby; if it failed to prosper Sorsby would lose the difference between the return under the interest rate he actually received and the return under whatever higher interest rate he might have obtained.

■ It is clear that an individual investor may occupy the dual statuses of stockholder and creditor in relation to a corporation, Kraft Foods Co. v. C. I. R., 2 Cir., 1956, 232 F.2d 118, 123–26, even though the two types of investment occur simultaneously, Rowan v. United States, 5 Cir., 1955, 219 F.2d 51, 53–55; Wilshire & Western Sandwiches, Inc. v. C. I. R., 9 Cir., 1949, 175 F.2d 718, 720. We hold that Sorsby's right to share in the appreciation of petitioner's property is separable from his right to repayment of his $70,000 loan with interest thereon, and that the right to share in the property's appreciation constituted an equity interest in the property. When the equity was liquidated by the corporation it was not the payment of interest on the loan—that had been fully paid—it was the settlement of the value of the right to share in the corporation's financial success.

This result is equally clear if the $50,000 payment is measured against the definition of "interest on an indebtedness" that the courts have established in distinguishing between a corporation's interest and dividend payments. Interest on an indebtedness presupposes a debtor-creditor relationship. The incidents of this relationship have been stated to be an unqualified obligation to pay a sum certain at a reasonably close fixed maturity date along with a fixed percentage in interest payable regardless of the debtor's income or lack thereof. Gilbert v. C. I. R., 2 Cir., 1957, 248 F.2d 399, 402. Even if the agreement between petitioner and Sorsby had limited Sorsby's interest in the property's appreciation to the appreciation which had occurred as of the maturity date it is unlikely that this could be considered interest on an indebtedness because of the indefiniteness of the amount. See Gregg Co. of Delaware v. C. I. R., 2 Cir., 1956, 239 F.2d 498, 501, certiorari denied 353 U.S. 946, 77 S.Ct. 825, 1 L.Ed.2d 856; C. I. R. v. Meridian & Thirteenth Realty Co., 7 Cir., 1942, 132 F.2d 182; but cf. Pierce

Estates v. C. I. R., 3 Cir., 1952, 195 F.2d 475. Additionally, there was here no fixed date at which the relationship was to be terminated. Under both the 1941 and 1942 agreements the only way Sorsby's interest could be terminated was for either Sorsby or petitioner to offer to purchase the interest of the other. This could occur at any time after the ten years had elapsed, even years later. There was no time limit within which these offers had to be made. Then, after an offer, the offeree had the option of converting the offer to buy into an offer to sell to himself at the same price. Numerous cases have held that the absence of a fixed maturity date is a critical factor weighing against a corporate taxpayer's claim that a debtor-creditor relationship existed between it and its payee. C. I. R. v. Schmoll Fils Associated, 2 Cir., 1940, 110 F.2d 611; Jewel Tea Co. v. United States, 2 Cir., 1937, 90 F.2d 451; Bowersock Mills & Power Co. v. C. I. R., 10 Cir., 1949, 172 F.2d 904; Haffenreffer Brewing Co. v. C. I. R., 1 Cir., 1940, 116 F.2d 465, certiorari denied 313 U.S. 567, 61 S.Ct. 942, 85 L.Ed. 1526; United States v. South Georgia R. Co., 5 Cir., 1939, 107 F.2d 3; Beaver Pipe Tools, Inc. v. Carey, D.C.N.D.Ohio 1955, 139 F.Supp. 470, affirmed 6 Cir., 1957, 240 F.2d 843, certiorari denied 353 U.S. 958, 77 S.Ct. 864, 1 L.Ed.2d 909.

Petitioner objects to the failure of the Tax Court to include in its Findings of Fact the undisputed testimony that petitioner and Sorsby *intended* to create a debtor-creditor relationship. Although we realize there is language in some of the cases indicating a contrary suggestion, we do not believe that here this question is an important one. Just as the Commissioner may ignore the labels the parties have placed upon their relationship when these labels fail to describe the realities of the relationship, so too the parties' bona fide intentions may be ignored if the relationship the parties have created does not coincide with their intentions. Central Cuba Sugar Co. v. C. I. R., 2 Cir., 1952, 198 F.2d 214, 217, certiorari denied 344 U.S. 874, 73 S.Ct. 167, 97 L.Ed. 677.

Petitioner contends that Sorsby's right to 50 per cent of the property's appreciation must be regarded as interest on an indebtedness because the right was obtained as compensation for the use of money, the definition which the Supreme Court gave to the phrase "interest on indebtedness" in Deputy v. DuPont, 1940, 308 U.S. 488, 498, 60 S.Ct. 363, 368, 84 L.Ed. 416. However, the rights of a shareholder are also obtained as compensation for the use of money. The definition of interest on an indebtedness found in Deputy v. DuPont, supra, does not distinguish between a creditor's investment and a stockholder's investment. An examination of the factual setting in the DuPont case reveals that the definition petitioner relies upon was not intended to make this distinction for an entirely different problem was involved in the case.

Petitioner also relies upon Dorzback v. Collison, 3 Cir., 1952, 195 F.2d 69. There the Third Circuit permitted a husband to deduct as interest under Section 23(b) his payments to his wife of 25 per cent of the net earnings of his business pursuant to an agreement substituting this measure of compensation for the 5 per cent return on a fixed amount annually payable which was the original measure of interest on a bona fide loan from the wife to her husband. Unlike the taxpayer in the present case, the taxpayer in Dorzback was not a corporation, and so, as the Third Circuit itself recognized, 195 F.2d 69, 72, the result would have been the same had the wife been regarded as a joint venturer rather than as a creditor. If, however, Dorzback is to be read as announcing a rule that payments "in lieu of" interest on an indebtedness may be deducted under Section 23(b), we now hold to the contrary. Section 23(b) permits a deduction only for *interest on an indebtedness*. A payment in lieu of interest on an indebtedness suggests something other than, and distinct from, a payment of interest on an indebtedness, and therefore it follows

that such payments may not be deducted under Section 23(b) unless they qualify under Section 23(b) in their own right.

Deciding the case as we do, we do not reach respondent's contention that Sorsby's equity interest in the property had the features of a "joint venture" under New York law. Similarly our holding that the $50,000 payment liquidated Sorsby's equity results in the rejection of petitioner's alternative contention that deduction of the payment should have been allowed under Sections 23(a) or 23(f). Cf. C. I. R. v. Schmoll Fils Associated, 2 Cir., 1940, 110 F.2d 611, 614.

Affirmed.