**WOLF v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 5975.**

Circuit Court of Appeals, Third Circuit.

May 28, 1936.

Wolf, Block, Schorr & Solis-Cohen, of Philadelphia, Pa., and Cooke & Beneman, of Washington, D. C. (D. Hays, Solis-Cohen, of Philadelphia, Pa., George R. Beneman, of Washington, D. C., and D. Benjamin Kresch, of Philadelphia, Pa., of counsel), for petitioner.

Berryman Green and Sewall Key, Sp. Assts. to Atty. Gen., and Robert H. Jackson, Asst. Atty. Gen., for respondent.

Before BUFFINGTON and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The petitioner received a pecuniary legacy of $600,000 by the will of her husband. The will contained no provision in respect to interest upon this legacy. Pursuant to the Pennsylvania Fiduciaries Act of 1917, § 21 (20 P.S. § 633), the executors paid the petitioner $29,300 as interest on her legacy. The petitioner did not include this sum in her income tax return and the commissioner assessed a deficiency. The board sustained the commissioner.

The petitioner relies upon section 22 (b) (3) of the Revenue Act of 1928 (26 U.S.C.A. § 22 (b) (3) and note), which provides that "the value of property acquired by gift, bequest, devise, or inheritance" is to be excluded from gross income. The same section, however, expressly provides that the income from such property shall be included in gross income. The Pennsylvania Act (20 P.S. § 633) provides "that where a pecuniary legacy is bequeathed to or for the use of the widow of the testator, * * * interest shall,

unless a contrary intention appear by the will, begin to run from the date of the death of the testator." It would therefore seem that the $29,300 was income to the petitioner from the property acquired by the bequest to her and should have been included in her gross income.

We think the interest allowed by statute was income and taxable as such. The statutory interest allowed her was not legacy or part of her legacy and was not provided for in the will, but was attributable to the statute of the state. It would be captious to adhere strictly to the narrow definition of the word "interest" as is urged by the petitioner.

So holding, the action of the Tax Board if affirmed.