## UNITED STATES v. HEILBRONER.
### No. 20.

Circuit Court of Appeals, Second Circuit.
Dec. 5, 1938.

Maass & Davidson, of New York City (Herbert H. Maass and David J. Levy, both of New York City, and Andrew B. Trudgian, of Washington, D. C., of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (Richard Delafield and Robert L. Werner, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The above action was brought by the United States to recover from the defendant Helen W. Heilbroner the amount of certain taxes paid by her on her income for the year 1931 and afterwards refunded by the government. The court directed a verdict in favor of the plaintiff for $4,525.-19 (the amount refunded) together with interest and costs, and from the judgment entered thereon the defendant has taken this appeal.

On or about March 15, 1932, the defendant Helen W. Heilbroner filed her income tax return for the year 1931 and included in it $19,109 of income which she had received during that year from four life insurance companies on seven policies of insurance upon the life of her deceased husband, Louis Heilbroner. Under the terms of the policies as they were in force at the death of the insured the companies were to make settlement of their obligations by paying to the defendant annual sums which were variously described either as "interest" or "annuity" payments and by further paying to named children of the insured upon the death of the defendant the face amount of the policies. This mode of settlement was chosen by the insured during his lifetime through the exercise of options given to him in the policies and there was no power in her after his death to make any change in the terms of settlement.

After the defendant had included in her 1931 income tax return the above sum of $19,109 and paid the tax thereon the Commissioner of Internal Revenue made a ruling on or about January 27, 1933, determining that amounts received by a beneficiary under policies of life insurance such as those here involved constituted part of the consideration for the premium payments of the insured and formed a part of the amounts paid by reason of the death of the insured within the meaning of the income tax provisions excluding insurance from taxable income.

The income tax provisions referred to were Section 22(b) (1) of the Revenue Act of 1928, 26 U.S.C.A. § 22, reading as follows:

"§ 22. *Gross income* * * *

"(b) *Exclusions from gross income.* The following items shall not be included in gross income and shall be exempt from taxation under this title:

"(1) *Life insurance.* Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or in installments (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income) * * *."

Upon the basis of the ruling of the Commissioner the defendant filed a claim for refund covering the income taxes she had paid for 1931 on the insurance proceeds. Her claim was allowed and paid, but subsequently a new Commissioner reversed the earlier ruling and demanded a return of the refund and interest. His demand having been refused, this action was brought, resulting in the judgment for the United States already described. The question before us is whether the amounts received by the defendant from the insurance companies constituted taxable income. We hold that they were such income.

After the exercise by the insured of his options to have the proceeds of his policies retained upon his death by the respective companies and specified sums paid to his widow, the defendant as the life beneficiary

became entitled to receive during her life annual payments upon the respective policies to a minimum of $2.47 per month for each $1,000 of the Northwestern Mutual policies and to a minimum of three per cent upon the policies of the other companies, such amounts to be increased by any annual dividend that might be apportioned to it by the directors of the company issuing the policy. The items aggregating $19,109 paid to the defendant during the year 1931 constituted the amounts due her that year both as to the guaranteed minima and as dividends apportioned to the respective policies.

The defendant argues that the payments received during 1931 were all installments "paid by reason of the death of the insured", were not "amounts * * * held by the insurer under an agreement to pay interest", and were consequently exempt from taxation under Section 22(b) (1) above quoted. This contention may be justified by some of the reasoning of the Court of Appeals of the Third Circuit in Penn Mutual Life Insurance Company v. Commissioner, 92 F.2d 962, which involved deductions for tax purposes of amounts paid out by a life insurance company. But whether some of the reasoning in that decision is applicable to the facts before us or not we cannot regard the receipts by the defendant as installments paid on account of the policies. On the contrary, they appear to us to have been sums paid by the companies for the retention and use of the face amounts of the various policies without impairment of the obligations ultimately to pay the principal amounts of the several policies to the remaindermen. The situation is no different as regards income taxability from one where a grantor sets up a trust and provides that the trustee hold the principal sum and pay interest at 3% to a designated beneficiary for life. It is unimportant that no trust was created here and that the beneficiary was to receive not only 3% but any increased amounts voted as dividends. The payments were in either event solely for the use of money ultimately payable without depletion to designated beneficiaries, and were fairly within the meaning of the word "interest". "Interest" has been defined as the price to be paid for the use of borrowed money. Maryland Casualty Co. v. Electric Light & Power Co., 8 Cir., 157 F. 514. In Old Colony R. Co., 284 U.S. 552, 560, 52 S.Ct. 211, 214, 76 L.Ed. 484, Justice Roberts said: "And as respects 'interest,' the usual import of the term is the amount which one has contracted to pay for the use of borrowed money. He who pays and he who receives payment of the stipulated amount concedes that the whole is interest."

Three of the policies issued by the Northwestern Mutual Life Insurance Company instead of providing for the payment of "interest" provide that the company "pay an annuity equal to three per cent of the amount * * * retained." But the word "annuity" as used in these policies carries the same meaning as "interest" for it is by their terms a payment for the use of principal sums which after the death of the insured had become unalterably payable without diminution on the death of Mrs. Heilbroner, the life beneficiary, to the ultimate remaindermen.

In general support of the interpretation which we give to the settlements there is the rule that for estate tax purposes the law looks only to the value of a life insurance policy at the date of death. Revenue Act of 1926, Section 302(g), 26 U.S.C.A. § 411(g). It seems reasonable to suppose that Congress intended to exclude from gross income only the proceeds of policies which are reportable for estate tax purposes. Moreover, this is in accord with the treatment of income to be applied to the beneficiaries of trusts where there are remainder interests either vested or contingent and to the statutory interest payable to a beneficiary under a will on a legacy during the settlement of an estate. Wolf v. Commissioner, 3 Cir., 84 F.2d 390. The taxpayer here has a life interest in the claims against the insurance companies. It made no difference that they were not to mature until after her death. This interpretation is not only in accord with the rules generally applicable to trusts but prevents an insured from eliminating from taxation income arising from the proceeds of a life insurance policy by making it payable to the beneficiary for a period during which the payment of the principal sum is suspended.

It is conceded that the income from the policies would have been taxable had the beneficiary under a power reserved in the policies agreed with the company to have payment of the principal suspended during her life while she received fixed payments of interest meanwhile. I can see no difference in respect to income taxes on such

382

annual payments whether the power was exercised by her husband or herself.

The defendant's contention that the amounts held by the insurer under an agreement to pay interest thereon are limited to amounts received or receivable by the life beneficiary which he or she caused to be so held is far too narrow. The amounts may either be "received" at the time of death or thereafter, in cases where payment of principal to the ultimate beneficiary is suspended. The amounts to be held under an agreement to pay interest are the proceeds of the policies at whatever time receivable after the death of the insured.

The view we have adopted accords with the apparent intention of the report of the Senate Finance Committee. In referring to the proposed life insurance exemption later enacted in 213(b) (1) of the Revenue Act of 1926, 44 Stat. 24 (reenacted as Section 22(b) (1) of the Revenue Act of 1928, 26 U.S.C.A. § 22), the Senate Finance Committee stated: "In order to prevent an exemption of earnings where the amount payable under the policy is placed in trust upon the death of the insured and the earnings thereon paid, the Committee's amendment provides specifically that such payments shall be included in gross income." (Report of the Senate Finance Committee, Report No. 52, page 20, to accompany H. R. 1 of the 69th Congress, First Session).

Judgment affirmed.