WHITE et al. v. THOMAS, Collector of Internal Revenue.

No. 9624.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1940.

Rehearing Denied Jan. 14, 1941.

Wm. A. Blakley, of Dallas, Tex., for appellants.

John A. Erhard, Asst. U. S. Atty., of Dallas, Tex., and Lester L. Gibson, Sp. Asst. to the Atty. Gen., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

Frank White and his wife sued the Collector of Internal Revenue for income taxes for the year 1932 which were exacted on account of $125,000 paid that year to Frank White by the executors of the will of Mrs. Margaret A. Shannon and by the trustees of a charitable trust to which she had devised the bulk of her large estate. The payment was in compromise and settlement of a suit brought by White against them to recover a ranch consisting of about 124,000 acres and valued at about $700,000,

and a counter suit by them against White to remove his claims to any of the estate as a cloud upon their title. The claim of White was that Mrs. Shannon, and her husband before he died and devised his lands to her, had given the ranch to him. The evidence shows that he had long lived with the Shannons and was beloved of them though no kin. He testified of things they said to him and others which indicated that the ranch should be his; but there was no present gift, he had nothing in writing, and no possession of it. The ranch was in fact expressly mentioned in Mrs. Shannon's will as devised to the charitable trust. The compromise agreement was that White be paid $125,000 in addition to all properties given him by the will, and that White "releases all claims to any properties passing under the last will and last testament of said Margaret A. Shannon deceased except such as are specifically bequeathed to him to which reference has heretofore been made, and agrees upon request of the parties of the first part either as trustees or executors, to make, execute and deliver proper written conveyances, acquittances and releases from any and all claims heretofore made or to be made by him * * *." Judgments were accordingly taken against him for all the properties except those given him by the will.

White contends that the $125,000 received was not income as defined in Eisner v. McComber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570, but was "the proceeds of a gift", to quote his petition, and not taxable by the express provision of Revenue Act of 1932, Sect. 22(b) (3) 26 U.S.C.A. Int.Rev.Code, § 22(b)(3). He cites Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410; Magruder v. Segebade, 4 Cir., 94 F.2d 177; Farmers' & Merchants' Bank v. Commissioner, 6 Cir., 59 F.2d 912, and Central R. R. Co. v. Commissioner, 3 Cir., 79 F.2d 697, 101 A.L.R. 1448, to show that what is received by a compromise is of the same character for tax purposes as the claim which is compromised. When what is received by a compromise is a part of the very thing claimed, the assertion is correct. If White, claiming all the ranch as a gift, had been conceded part of it, the land he thus got would stand as a gift. But in this case he got no land, but money. Yet he never claimed the Shannons had given him any money. The executors and trustees had no authority to give him anything, and

did not intend to. They paid him money for the release of the right which he claimed in the land. White sold that right, and conveyed it by suffering the adverse judgments. He converted it into cash; and the gain from the conversion of a gift is taxable, though the receipt of the gift originally was not. He did not sell the land itself, for he had neither title nor possession. He could not deduct the cost of the land to the Shannons, for they never parted with it and no proof of their cost was made. He sold only his claim to recover it, which was in the nature of an incumbrance on the title, at a price which was only a fraction of the value of the land; and that claim he does not say cost him anything. What he received is income.

The District Judge thought White showed no gift, but by investing in a lawyer's services and giving his own time and effort to a business venture in litigation had made this gain. This also would be a tenable view, unless cut off by the stipulated fact that the compromise was bona fide. We perceive no sustainable view whereby the money received would not be taxable as income.

Affirmed.