## FOSTER'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10242.

Circuit Court of Appeals, Fifth Circuit.

Nov. 10, 1942.

T. J. Blackwell, W. H. Walker, Jr., and Herschel E. Smith, all of Miami, Fla., for petitioners.

Samuel O. Clark, Jr., J. Louis Monarch, Gerald L. Wallace, Warren F. Wattles, and Bernard Chertcoff, Sp. Assts., to Atty. Gen., J. P. Wenchel, Chief Counsel, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The petition is for review of a decision of the Board of Tax Appeals determining the liability of the Estate of Anna M. B. Foster, as transferee, for a deficiency in income tax assessed for the year 1936 against the Estate of Abbie A. Sewell, deceased. The opinion of the Board is reported, 45 B.T.A. 126.

The taxpayer's transferor, Abbie A. Sewell, was the beneficiary of a testamentary trust of $75,000 under the will of Elwin C. Foster who died in 1931. At the time of Foster's death, his holdings consisted al-

most entirely of stocks and bonds which, because of depressed financial market conditions, could be converted into cash only at great loss. By agreement of the interested parties, distribution of the Foster estate was delayed pending a more favorable market. Four years later, in 1935 and 1936, a major portion of the estate was distributed, and on January 20, 1936, the legal representatives of the estate paid to Abbie A. Sewell "the sum of $10,302.20 as interest in addition to that part of the estate distributed to her trustee". Abbie A. Sewell died on October 22, 1936, and on March 15, 1937, Anna M. B. Foster, as administratrix cum testamento annexo of her estate, filed a fiduciary return of the income of the Sewell estate for 1936, and made request for prompt assessment of income tax. This original return made no mention of receipt of the sum of $10,302.20, but on September 19, 1937, an amended fiduciary return was filed, containing the following additional statement: "Does not include $10,302.20 received in August, 1936—Estate of Elwin C. Foster, deceased, (Administered in County Court of Dade County, Florida), tax on said $10,302.20 was paid by Estate of Elwin C. Foster."

The petitioner contends that the Board erred in holding this sum of $10,302.20 to be income to Abbie A. Sewell and subject to income tax; and that, request for prompt assessment having been made, the asserted deficiency was barred by the eighteen months limitation provisions of Section 275(b) of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Code § 275(b). The contentions are without merit. The Board heard the case on a stipulation of facts which contained a stipulation that the sum of $10,302.20 was paid to Abbie A. Sewell "as interest". The stipulation is clear and unequivocal, and the Board was fully justified in finding the payment to be what the parties stipulated it to be. From all the facts it is clear that this additional payment was made as interest or compensation for detention of money which the will required to be paid to the trustee. Within the purview of Section 22(a) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev. Code § 22(a) the amount was gross income. Harrison v. Commissioner, 7 Cir., 119 F.2d 963; Wolf v. Commissioner, 3 Cir., 84 F.2d 390; White v. Thomas, 5 Cir., 116 F.2d 147.

Section 275(c) of the Revenue Act of 1936 provides that if a taxpayer "omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court * * * may be begun without assessment, at any time within 5 years after the return was filed." This section was intended to and does limit the provisions of Section 275(a) and (b) providing for a three years and an eighteen months limitation. See House Ways and Means Committee Report No. 704, 73d Congress, 2d Session, p. 35; Finance Committee Report No. 558, 73d Congress, 2d Session, p. 43. The sum of $10,302.20 paid to Abbie A. Sewell as interest was not included in the gross income stated in the return, and since it amounted to more than twenty-five per cent of the gross income reported the Board properly held the five year limitation provisions of Section 275(c) applicable to the case.

The decision of the Board is affirmed.