**DORZBACK v. COLLISON, Collector of Internal Revenue.**

Civ. No. 1138.

United States District Court
D. Delaware.

Oct. 25, 1950.

Morris Wolf and Samuel H. Levy (of Wolf, Block, Schorr & Solis-Cohen), of Philadelphia, Pa., and S. Samuel Arsht (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., for plaintiff.

William Marvel, U. S. Atty., and Francis A. Reardon, Asst. U. S. Atty., of Wilmington, Del., and Theron Lamar Caudle, Asst. Atty. Gen., and Andrew D. Sharpe and Paul S. McMahon, Special Assts. to the Atty. Gen., for defendant.

LEAHY, Chief Judge.

Plaintiff sought recovery of $20,159.46 of income taxes and interest paid to the Delaware Collector for 1943-44-45. The case was tried by jury. Two issues were presented: (1) Were amounts paid by taxpayer to wife (representing 25% of the net income of his clothing store business) in lieu of interest on a debt he owed her deductible from gross income; and (2) were amounts paid to son reasonable compensation for services actually rendered by son in the business. The jury decided in plaintiff's favor on both issues.

At trial, I directed the jury to bring in a verdict that there was a bona fide debtor-creditor relationship between taxpayer and wife as a result of an agreement of January 4, 1943, because there was no evidence at all contra. However, I reserved decision, as a matter of law, whether the 25% could be considered as payment of a legal interest. Under Rules 50 and 59 of the Rules of Civil Procedure, 28 U.S.C.A. defendant filed motions to set aside the jury's verdict and for judgment for a directed verdict, or, in the alternative, for a new trial.

The master facts upon which the jury based its verdict are not complicated. Karl D. Dorzback is taxpayer. He has operated a retail clothing store in Dover, Delaware, for over twenty years. He was a victim of business and investment losses in 1929. The bank began pressing in 1932. His wife, at that time, had independent assets. She deposited collateral with bank and became endorser on her husband's bonds. By 1941 his bank debt was reduced to $8,500.00. That year his wife inherited

$15,000.00. On May 14, 1941, she gave taxpayer $8,500.00 to pay off the bank. He gave her his bond for $8,500.00 at 5% payable in one year. Interest was paid to December 31, 1942, but not the principal. Then 'on January 4, 1943, taxpayer and wife entered into an agreement (summarized):

"Mr. Dorzback is indebted to Mrs. Dorzback in the sum of $8,500. for moneys previously advanced to him and has been paying interest thereon at the rate of 5% per annum (Tr. 21).

"In lieu of interest to be paid by Mr. Dorzback beginning January 1, 1943, Mrs. Dorzback shall share in the net profits of Mr. Dorbzack's retail clothing business. Under the profit sharing plan Mrs. Dorzback shall be classified solely as a creditor of Mr. Dorzback and not as a partner in the business and shall have none of the customary rights or liabilities of a partner. Mrs. Dorzback's standing as a creditor is subrogated to that of all general creditors of the business. Mrs. Dorzback's share shall be 25% of the net profits after payment of a salary of $4,000 per year to Mr. Dorzback. (Tr. 21-22)."

Under the agreement Mrs. Dorzback received for 1943, $6,892.33; for 1944, $7,681.63; and for 1945, $10,346.32.

In support of its various motions defendant claims that the following argumentative facts have not been treated with significance either by the jury or the court. These facts are:

On May 14, 1941, when Mrs. Dorzback was substituted for the bank as her husband's creditor, he was solvent. He had paid the bank 5%, which was the current rate in the community. The bank loan had been reduced from $25,000.00 in 1932 to $8,500.00 in 1941. This reduction was not in whole from profits of the clothing store business. Some of the money had been obtained through sales of investments and from inheritances. At the time of the agreement with Mrs. Dorzback in 1941, the bank was not pressing for payment. The record shows net profits from the clothing business for the five year period preceding 1943 and for the taxable years in question (1943-44-45) were approximately: For 1938, $8,800.00; for 1939, $4,900.00; for 1940, $9,000.00; for 1941, $12,000.00; for 1942, $21,000.00; for 1943, $28,000.00; for 1944, $30,000.00; for 1945, $41,000.00.

The taxpayer testified that his reason for substituting his wife for the bank as creditor was because he had a fairly profitable year in 1942; that Mrs. Dorzback did not object to 'leaving her money in the business, but she was of the opinion, however, she should have more than 5% considering all she had done for her husband in backing him during the lean years from 1929 on. The parties had considered making Mrs. Dorzback a partner; but this was rejected as neither party wished to subject her other investments to the risk of the business. All payments required by the husband-wife agreement were paid by plaintiff, received by wife for her own use, duly reported and upon which she paid income tax. Defendant claims the payments should be taxed to the plaintiff-husband. The taxpayer was allowed a deduction of $425.00 or 5% interest on $8,500.00 for each of the taxable years 1943-45. It is the excess payments above this fixed rate—the 25% share of the net profits paid "in lieu of interest"—that are involved here.

1. The only deductions allowable from gross income for income tax purposes are those specifically provided in the internal revenue laws.[1] In the case at bar, the statutory provisions under which the payments made to Mrs. Dorzback could be allowed are[2] (1) ordinary and necessary expenses in carrying on a

---

1. Deputy v. Du Pont, 308 U.S. 488, 60 S. Ct. 363, 84 L.Ed. 416.

2. Internal Revenue Code:
"§ 23. Deductions from gross income.
"In computing net income there shall be allowed as deductions:

"(a) [as amended by Section 121, Revenue Act of 1942, c. 619, 56 Stat. 798] Expenses.
"(1) Trade or business expenses.
"(A) In general. All the ordinary and necessary expenses paid or incurred dur-

business, or (2) interest paid on indebtedness. Taxpayer admits the payments to Mrs. Dorzback do not fall into ordinary or necessary expenses of his business. Therefore, the precise question here is whether plaintiff is entitled to deductions paid in lieu of interest. § 23(b) of the Internal Revenue Code allows deduction for "all interest paid or accrued within the taxable year on indebtedness". Plaintiff commences his case with reliance on Deputy v. DuPont, 308 U.S. 488, 60 S.Ct. 363, 368, 84 L.Ed. 416, for the definition that "In the business world 'interest on indebtedness' means compensation for the use or forebearance of money". From this, it is argued that the payments provided for in the agreement and, in fact, made to Mrs. Dorzback were payments for the use of her money which plaintiff had borrowed; and, therefore, plaintiff should be entitled to deduct as interest the sums so paid. In its brief, the government conceded there is no limitation in the statute with respect to the rate of interest that may be deductible.

The authorities support plaintiff's position. In Commissioner of Internal Revenue v. Parks, 3 Cir., 113 F.2d 352, our Court of Appeals permitted a taxpayer to deduct interest payments to wife pursuant to the terms of a demand note. Later, in Kena, Inc. v. Commissioner of Internal Revenue, 44 B.T.A. 217, an agreement was involved by the terms of which a dominant sharehholder agreed to pay his corporation's wholly owned subsidiary 80% of his net profits "in lieu of interest" in consideration of a loan from the subsidiary. In holding the payments out of the shareholder's net profits were payments of in-

terest, the Board of Tax Appeals said: "It is axiomatic that the language used to describe a thing does not determine its character * * * The word 'lieu' means 'place or stead'. It does not imply that the character of the payment was different from interest, but indicates that the method of computation was not in accord with the usual method of computing interest, the percentage of profit being employed as a substitute * * * It is not essential that interest be computed at a stated rate, but only that a sum definitely ascertainable shall be paid for the use of borrowed money, pursuant to the agreement of the lender and borrower * * * The lender may forego interest if he chooses. He may agree not to charge interest or to reduce the amount of interest provided certain events occur. That situation would exist here if (husband) had made no profits. The possibility that no interest might be payable does not affect the character of the interest when actually paid."

In a decision following the Kena case, the Board of Tax Appeals, again at the instance of the government, ruled that "interest is not necessarily a percentage of the total sum. It could be even a percentage of the net profits which the borrower made with the loaned money".[3]

The government argues that the real design of the agreement between plaintiff and his wife was that of a profit-sharing enterprise, or joint venture. But plaintiff captures this argument and claims it supplies an alternative ground for supporting his own position. Plaintiff states that if he and his wife are to be considered as joint venturers, then as participants in a joint venture he and his wife should be treated

---

ing the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * * and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business * * *.

   \*    \*    \*    \*    \*    \*

"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid

or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

   "(b) Interest. All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations * * *." 26 U.S.C.A. § 23.

3. Foster v. Commissioner of Internal Revenue, 45 B.T.A. 126. See, also, Specialty Engineering Co. v. Commis-

as though they were partners,[4] and accordingly they should be taxed on the share of the profits each is entitled to receive under the January 4, 1943 agreement. Under this view, the tax result is precisely the same as if the payments received by the wife are regarded as payments of interest. This was the view taken in Harold M. Levy, 4 TCM 641, where the taxpayer's mother had contributed $20,000.00 for use in the taxpayer's business in return for which the taxpayer agreed to pay his mother 50% of the net profits of the business. Under the facts in that matter no partnership agreement was ever written or executed, the business was never registered as a partnership, the books of the business did not reflect the mother as a partner, and none of the profits were actually and in fact paid over to the mother. Nevertheless, it was held that the taxpayer and his mother were engaged in a "joint venture".

■ I have concluded that plaintiff may deduct, as interest, payments made to Mrs. Dorzback pursuant to the loan agreement. If I should be in error in this holding—for which I have no doubt of error—then, in the alternative, profits paid to Mrs. Dorzback as her share of a joint venture should be taxed to her and, therefore, excluded from plaintiff's taxable income for the years 1943-44-45.

■ 2. The second issue in the case at bar as to whether the amounts paid by taxpayer to his son constituted reasonable compensation for services actually rendered, is not open to reconsideration. Plaintiff adduced facts showing the relation of the son to the business, the labor he put into the entire enterprise, and the basis for the salary he received. No counter-evidence was marshalled by defendant. In fact, defendant's only attack on this phase of the case was to attempt to water the credibility of plaintiff's evidence and to imply it had no reasonable basis upon comparison of similar services rendered by others in like situations—facts assumed to be, I suppose, within the jury's general knowledge. But, the jury has resolved this question against defendant and in plaintiff's favor. There is clear evidence to support this portion of the verdict; and no legal reason is apparent to change the verdict otherwise.

Having decided, as a matter of law, the question reserved for decision as to whether or not the 25% could legally be considered as payment of interest, and having considered defendant's motions to have the verdict of the jury set aside and for judgment in accordance with defendant's motion for a directed verdict, or in the alternative, for a new trial, I have decided that all of defendant's motions should be denied. The amount of the judgment should be computed, with allowable interest, and entered in plaintiff's favor.

sioner of Internal Revenue, 12 T.C. 1173, which also cites the Kena case with approval as authority.

4. Internal Revenue Code:
"§ 3797. Definitions
"(a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof—

\* \* \* \* \* \*

"(2) Partnership and partner. The term 'partnership' includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation; and the term 'partner' includes a member in such a syndicate, group, pool, joint venture, or organization. \* \* \* \* " 26 U.S.C.A. § 3797.

"§ 182. Tax of partners
"In computing the net income of each partner, he shall include, whether or not distribution is made to him—

\* \* \* \* \* \*

"(c) His distributive share of the ordinary net income or the ordinary net loss of the partnership, computed as provided in section 183(b)." 26 U.S.C.A. § 182.