## DORZBACK v. COLLISON, Collector of Internal Revenue.

### No. 10390.

United States Court of Appeals
Third Circuit.

Argued Jan. 21, 1952.

Filed March 18, 1952.

S. Walter Shine, Washington, D. C. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, Edward J. P. Zimmerman, Special Assts. to the Atty. Gen., William Marvel, U. S. Atty., Wilmington, Del., on the brief), for appellant.

Morris Wolf, Philadelphia, Pa. (Samuel H. Levy, Bernard Wolfman, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., on the brief), for appellee.

Before MARIS and KALODNER, Circuit Judges, and STEWART, District Judge.

MARIS, Circuit Judge.

This is an appeal from a judgment for the plaintiff taxpayer in an action brought in the United States District Court for the District of Delaware for the recovery of income taxes and interest paid to the defendant Collector pursuant to deficiency assessments made by the Commissioner of Internal Revenue for the years 1943, 1944 and 1945.

The facts are these. On May 14, 1941 the taxpayer's wife loaned to the taxpayer from her own funds the sum of $8,500 to pay off an existing indebtedness of his in that amount and to evidence his resulting indebtedness to her the taxpayer gave her his bond in that amount bearing interest at 5% per annum. On January 4, 1943 the taxpayer and his wife entered into a written agreement in which they agreed that in lieu of the interest she had been receiving on this indebtedness she should share in the net profits derived from the taxpayer's retail business by receiving 25% of the net profits after the payment of an annual salary of $4,000 to the taxpayer. It was further agreed that the wife should continue to be a creditor and not a partner of the taxpayer but that her standing as a creditor should be subordinated to the rights of all general business creditors of the taxpayer.

Under this agreement the taxpayer's wife received $6,892.33 for 1943, $7,681.63 for 1944 and $10,346.32 for 1945. In computing their taxable net incomes for these years these amounts were reported as income by the wife and deducted by the taxpayer as interest paid. The Commissioner of Internal Revenue disallowed taxpayer's interest deductions of 25% of net profits, allowing deductions only in the amount of 5% of the principal sum of $8,500. The present action was instituted to recover the deficiencies assessed and paid by reason of the disallowance of these deductions.

At the trial, the district judge directed the jury to bring in a verdict for the taxpayer on the ground that there was no evidence of lack of a bona fide debtor-creditor relationship between the taxpayer and his wife as a result of the agreement of January 4, 1943. The question whether or not the 25% share of net profits could legally be construed as a payment of interest was reserved and decided, as a matter of law, in favor of the taxpayer by the district judge. Alternatively, the district judge concluded that the taxpayer and his wife were joint adventurers and accordingly taxable on their respective shares in the profits of the business for the years involved. The defendant's motions for judgment n.o.v. and for a new trial were accordingly denied. D.C., 93 F.Supp. 935. This appeal followed.

The defendant contends that the district judge erred in not submitting to the jury the question whether a debtor-creditor relationship existed between the taxpayer and his wife and in concluding that the payments made by the taxpayer to his wife in 1943, 1944 and 1945 were deductible interest payments.

Section 23(b) of the Internal Revenue Code provides that in computing net income there shall be allowed as a deduction "All interest paid or accrued within the taxable year on indebtedness".[1] The taxpayer contends that under the express terms of this section he is entitled to the whole of the deductions which he claimed. For, he says, he was indebted to his wife and the amounts he paid her were interest on that indebtedness. The defendant contends, on the other hand, that there was evidence from which the jury might have found that the 1943 agreement did not create a debtor-creditor relationship but was merely a scheme to reallocate family income and that therefore the taxpayer was not entitled to deduct as interest the amounts paid his wife during 1943, 1944 and 1945.

The defendant points to the following facts to which the taxpayer testified: The year 1942 had been fairly profitable for the taxpayer; the arrangement agreed upon would be advantageous to him in reporting his income; his wife desired a larger return on her money than 5%; he felt grateful to her because of the fact that in 1932, when his bank was pressing him for payment of his debt in the amount of $25,000, she had endorsed his note to provide additional security. The defendant urges that these circumstances surrounding the 1943 agreement show the arrangement to be a device to reallocate income among the family group and therefore raised an issue as to the bona fides of the agreement and whether a bona fide debtor-creditor relationship resulted from it. The defendant, however, does not deny that prior to January 4, 1943 the taxpayer was unconditionally indebted to his wife in the amount of $8,500. Nor does he contend that the controlling state law does not recognize inter-spouse indebtedness. The agreement of January 4, 1943 expressly provided that the wife should continue to be a creditor of the taxpayer. We think that the evidence would support no other finding than that the indebtedness which resulted from the wife's loaning of her own money to her husband in 1941 continued after the agreement of 1943.

We have not overlooked the principle that transactions between husband and wife calculated to reallocate family income or reduce family taxes are subject to careful scrutiny. Helvering v. Clifford, 1940, 309 U.S. 331, 335, 60 S.Ct. 554, 84 L.Ed. 788; Commissioner v. Tower, 1946, 327 U.S. 280, 291, 66 S.Ct. 532, 90 L.Ed. 670. But here, as we have pointed out, the wife had a personal stake of her own, the $8,500 of her own money which she had loaned the taxpayer, upon which she was entitled to a return. Indeed the defendant concedes this since the Commissioner allowed the deduction of interest at 5% for the years in question, a position clearly inconsistent with the denial of any debtor-creditor relationship.

We think that the district judge rightly held that the agreement of 1943 did not change that relationship. For that agreement concerned only the return which the wife was to receive on her loan. It did

1. 26 U.S.C.A. § 23(b).

not change her status as a creditor. Nor did it affect her relationship as a creditor when she agreed to subordinate her claim to the claims of the general business creditors. Commissioner of Internal Revenue v. O. P. P. Holding Corp., 2 Cir., 1935, 76 F.2d 11, 12. And even if the 1943 agreement had operated to change the wife's status from creditor to partner or joint adventurer the result, taxwise, would have been the same, as the district jurge concluded. For in that situation the wife would still have been taxable on her 25% share of the profits of the business. We accordingly conclude that the district judge rightly held that the evidence established the existence of a bona fide debtor-creditor relationship between the taxpayer and his wife during the years in question.

The other question to be determined is whether the taxpayer was entitled to deduct the payments made under the 1943 agreement "in lieu of interest" as interest payments under Section 23(b). The defendant contends that the payments of 25% of net profits, which amounted almost to the amount of the principal in 1943 and 1944 and in 1945 were greater than the actual indebtedness, could not be considered to be interest under that section. He claims that it was error for the district judge to determine as a matter of law that payments of a share in the net profits of the business made in lieu of interest were deductible as interest payments.

Interest on indebtedness has been defined to mean "compensation for the use or forbearance of money." Deputy v. Du Pont, 1940, 308 U.S. 488, 498, 60 S.Ct. 363, 368, 84 L.Ed. 416. The word must be given the "usual, ordinary and everyday meaning of the term." Old Colony R. Co. v. Commissioner, 1932, 284 U.S. 552, 561, 52 S.Ct. 211, 76 L.Ed. 484. In the Old Colony case the Supreme Court said [284 U.S. at page 560, 52 S.Ct. at page 214] : "And as respects 'interest,' the usual import of the term is the amount which one has contracted to pay for the use of borrowed money. He who pays and he who receives payment of the stipulated amount conceives that the whole is interest."

The defendant contends that although Section 23(b) provides that "All interest paid" shall be deductible, yet when payments are made in lieu of interest at such high rates as are present in this case they are so unreasonable that they must be held not to be allowable interest deductions but rather a subterfuge to reallocate business profits. We are not, however, persuaded that a payment made "in lieu of interest" is not the equivalent of "interest". The phrase "in lieu of" means "instead of". Webster's New International Dictionary, 2d Ed., p. 1427. In Kena, Inc., v. Commissioner, 1941, 44 B.T.A. 217, 219–220, 221, the Board of Tax Appeals said:

"It is axiomatic that the language used to describe a thing does not determine its character. The contract of December 13, 1932, denominated the amount to be paid to the petitioner as 'an additional sum in lieu of interest'. The word 'lieu' means 'place or stead.' It does not imply that the character of the payment was different from interest but indicates that the method of computation was not in accord with the usual method of computing interest, the percentage of profit being employed as a substitute. The contract itself must be examined to determine whether the sum so designated was actual interest or was something else.

\* \* \* \* \* \*

"It is not essential that interest be computed at a stated rate, but only that a sum definitely ascertainable shall be paid for the use of borrowed money, pursuant to the agreement of the lender and borrower."

Generally speaking, payments made for the use of money "in lieu of interest" are deductible as interest under Section 23(b).

Throughout the ages lenders have exacted all they could from borrowers for the use of money. How much has been exacted has depended upon the desperation of the borrower and the exigency of the moment. There is no requirement in Section 23(b) that deductible interest be ordinary and necessary or even that it be reasonable. 4 Mertens, Law of Federal Income Taxation, § 26.01. Hence the phrase "All interest paid" contained in that section must be taken in its plain and literal

meaning to include whatever sums the taxpayer has actually had to pay for the use of money which he has borrowed. Arthur R. Jones Syndicate v. Commissioner of Internal Revenue, 7 Cir., 1927, 23 F.2d 833. We conclude that the district judge did not err in holding that the payments made by the taxpayer to his wife in 1943, 1944 and 1945 were interest paid on indebtedness and deductible under Section 23(b) of the Internal Revenue Code.

The judgment of the district court will be affirmed.