*Decisions will be entered under Rule 50.*

STEVENS BROTHERS AND THE MILLER-HUTCHINSON COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49117. Filed August 29, 1955.

---

954

*A. J. Schmitt, Jr., Esq.*, for the petitioner.
*J. Marvin Kelley, Esq.*, for the respondent.

956

**OPINION.**

MURDOCK, *Judge:* The Commissioner takes the untenable position, under various theories in which he refuses to face the facts, that the petitioner owed nothing to anyone for the use of the $75,000 and owned all of the income from the Algiers Locks floor contract, without diminution for any payment of any kind for the use of that money. The facts refute all of those contentions. The need for the money, the difficulty of obtaining it, the source from which it was obtained, the conditions of the contract for the payment of one-half of the net profits, and the actual payment of the agreed amounts to Foundation are clearly established by the evidence. The evidence also shows that the terms of the contract between the petitioner and Foundation were fair to both parties and the contract was bona fide in all respects. There was no tax avoidance scheme. Hutchinson's interests were adverse to those of Foundation and he was satisfied to obtain the $75,000 in the way he obtained it. Hindsight makes the agreement appear very favorable to Foundation but it risked the loss of its $75,000 on a job which the insurers, at least, deemed quite risky. The agreement cannot be ignored or rewritten to suit the Commissioner. *Seminole Flavor Co.*, 4 T. C. 1215, 1235. Nor can the Commissioner apply section 45 under his amended answer since the petitioner and Foundation were not owned or controlled directly or indirectly by the same interests, and there was no evasion of taxes or failure to reflect income clearly. *Briggs-Killian Co.*, 40 B. T. A. 895; *Miles Conley Co.*,

10 T. C. 754, appealed on another issue 173 F. 2d 958. Cf. *Epsen Lithographers* v. *O'Malley*, 67 F. Supp. 181.

The Commissioner finally suggests that no more than 3 or 4 per cent be allowed as an interest deduction for the use of the $75,000 since Stevens Brothers of St. Paul loaned money to Foundation at lesser rates and could have loaned the $75,000 directly to the petitioner at 3 or 4 per cent. No statutory authority for any such arbitrary action has been disclosed.

The Foundation was entitled to one-half of the income from the job, regardless of what the relationship between it and the petitioner may be called, and that part of the income was not taxable to the petitioner. Cf. *Dorzback* v. *Collison*, 195 F. 2d 69; *Edwin de Reitzes-Marienwert*, 21 T. C. 846; *Kena, Inc.*, 44 B. T. A. 217.

*Decision will be entered under Rule 50.*