RAYMOND J. BARTON AND NORMA E. BARTON, Petitoners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barton v. Commissioner
Docket No. 11015-77.
United States Tax Court
T.C. Memo 1979-234; 1979 Tax Ct. Memo LEXIS 292; 38 T.C.M. (CCH) 933; T.C.M. (RIA) 79234; June 13, 1979, Filed *292 Held, petitioners may deduct interest of $796.13 in 1974. Held further, petitioners may deduct medical expenses of $893.23 in that year. Raymond J. Barton and Norma E. Barton, pro se. Judy Jacobs, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, *293 on September 16, 1977, issued a statutory notice in which he determined a deficiency in petitioners' Federal income tax for their taxable year 1974 in the amount of $181.42. FINDINGS OF FACT Petitioners, Raymond J. Barton and Norma E. Barton, resided in Skokie, Illinois at the time of filing their petition herein. They timely filed a joint Federal income tax return for the calendar year 1974. On Schedule A of their 1974 return petitioners claimed interest expense deductions which totaled $787.34. Respondent adjusted the claimed expense as follows: Item
Claimed
Allowed
Adjustment
Wards
$ 13.71
$ 13.71
Nationwide Finance Co.
54.51
44.00 [1]
10.51
Liberty Loan
47.92
47.92
Nelson Bros.
71.20
90.50
(19.30)
H. Walpole
600.00
90.00
510.00
$787.34
$286.13
$501.21
On January 6, 1972 petitioners borrowed $1,000 from Henry F. Walpole (hereinafter Walpole). Mr. Barton originally borrowed the funds for a business deal that fell through. Thereafter *294 he used the money on household necessities. The loan agreement signed by the Bartons and the Walpoles provided: We agree to Pay Henry & Sarah Walpole back one thousand dollars that we borrowed from Henry & Sarah Walpole, at the Rate of $50.00 a month, Per month on one thousand dollar loan until Raymond & Norma Barton can pay back one thousand dollar lone [sic] in full. Mr. Barton set the interest rate. He thought that $50 per month was a fair amount in view of his lack of credit. The Bartons began paying $50 per month interest in February of 1972 and continued such payment until the loan was paid, in lump sum, in 1975. When the interest payment was even a day late Mrs. Walpole would call for her husband to request payment. Mrs. Walpole is Mr. Barton's mother. She married Walpole when she was about 65 years old. She is now in her seventies. The Walpoles are retired and support themselves by union retirement benefits and social security. On Schedule A of their 1974 return petitioners claimed a medical expense deduction in the amount of $1,435.60. Respondent adjusted the claimed deduction as follows: Item
Claimed
Allowed
Adjustment
Hospitals $ 201.00 $ 223.00
[22.00)
Dentures
693.00
486.75
206.25
Transportation
7.80
7.80
Bal. insurance premium
799.32
441.20
358.12
$1,701.12
$1,158.75
$542.37
Less 3%
- 415.52
- 416.00
- .48
$1,285.60
$ 742.75
$542.85
Insurance premium
+ 150.00
+ 150.00
Deduction
$1,435.60 $ 892.75
$542.85
*295 The insurance was broken down as follows: Claimed
Allowed
Adjustment
National Associates
$ 46.20
$ 46.20
Mutual of Omaha
396.00
396.00
Prudential
262.58
262.58
Unknown
244.54
282.42
(37.88)
$949.32
$591.20
$358.12
During 1974 petitioners paid preiums totaling $396 on the Mutual of Omaha insurance policy. That policy provided for a monthly benefit of $500 for 1 year in the event of sickness or injury on the part of Mr. Barton. In 1974 petitioners paid $318 cash for dental care. After such payment they still owed another $300. In satisfaction thereof Mr. Barton did repaid work on the dentist's automobile. In so doing he expended $168.75 for parts. OPINION Issue 1. Interest deduction
Section 163(a), I.R.C. 1954, allows for the deduction of amounts paid as interest on indebtedness during the taxable year. Herein petitioners borrowed $1,000 in a year prior to that in issue. This amount was repaid, in lump sum, in 1975. During the period the loan was outstanding they paid $50 per month thereon as interest. Respondent contends that only a portion of the amount paid as interest is deductible. He treats the remainder *296 as a gift. Respondent bases his contention on the fact that the payment was paid to a relative who was retired and that Mr. Barton set the interest payment. Mr. Barton testified that he set the interest rate at $50 per month because he felt that was a fair amount and because he lacked the credit necessary to borrow elsewhere. Petitioner borrowed the money for a business venture which fell through. He actually used the funds for living expenses. Petitioners presented credible testimony. Their demeanor was direct. We find that petitioners paid interest totaling $600 to Mr. Walpole during their taxable year 1974. Dorzback v. Collison,195 F.2d 69, 72 (3d Cir. 1952). In 1974 petitioners also paid interest of $13.71 to Wards, $44 to Nationwide Finance Co., $47.92 to Liberty Loan and $90.50 to Nelson Bros. Therefore, their total interest deduction for that year is $796.13. Issue 2. Medical deduction
Section 213(a) provides that: SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES. (a) Allowance of Deduction.--There shall be allowed as a deduction the following amounts, not compensated for by insurance or otherwise-- (1) the amount by which the amount *297 of the expenses paid during the taxable year (reduced by any amount deductible under paragraph (2)) for medical care of the taxpayer, his spouse, and dependents (as defined in section 152) exceeds 3 percent of the adjusted gross income, and (2) an amount (not in excess $150of) equal to one-half of the expenses paid during the taxable year for insurance which constitutes medical care for the taxpayer, his spouse, and dependents. Section 213(e)(1) defines the term "medical care" as * * * amounts paid-- (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body, (B) for transportation primarily for and essential to medical care referred to in subparagraph (A), or (C) for insurance (including amounts paid as premiums under part B of title XVIII of the Social Security Act, relating to supplementary medical insurance for the aged) covering medical care referred to in subparagraphs (A) and (B). Petitioners paid premiums totaling $396 on a Mutual of Omaha insurance policy. The policy provided for payments of $500 per month for 1 year in the event Mr. Barton became ill or was injured. Because *298 such payments indemnify loss of income rather than the expense of medical care as defined by section 213(e)(1), they do not give rise to a medical expense deduction. Of the amounts claimed as medical expense deductions only the amounts petitioners deducted with respect to repair work done by Mr. Barton in satisfaction of amounts they owed for dental care remain in issue. Although amounts expended for automobile parts are deductible the amounts attributable to the value of Mr. Barton's labor are not. Therefore, when the amounts paid for automobile parts are added to the cash payment, the total amount deductible in 1974 with respect to dental care is $486.75. We find that petitioners may deduct the following amounts under section 213: Hospitals $ 223.00
Dentures
486.75
Transportation
7.80
Bal. of insurance
premiums
441.20
$1,158.75
Less 3%
(415.52)
$743.23
Insurance premium
150.00 $ 893.23
Decision will be entered under Rule 155. Footnotes
1. In the notice of deficiency respondent allowed $36.34. He has since conceded that petitioners are entitled to a $44 interest expense deduction with respect to Nationwide Finance Co.↩